*DAUNOIS vs. LEEDS*

APPEAL FROM THE COURT OF THE PARISH AND CITY
OF NEW-ORLEANS.

If, owing to irregularities in the proceedings, a public sale be illegal, the purchaser must return the property, for he cannot hold it under a sale which

is null and void. If, on the contrary, the sale be perfect, he must pay the price and cannot keep both the property and the price he was to pay for it.

The defendant, at a public sale made by the plaintiff, as city marshal of New-Orleans, became the purchaser of a slave, and refused to pay the price or redeliver the property. This suit was brought to recover the price, or compel the defendant to restore the slave.

The defendant set up the following grounds of defence:

1. That the marshal was without authority to sell, as the City Court had no jurisdiction or right to issue process against real estate or slaves.

2. That the formalities required by law for the sale of slaves, were not complied with.

3. That the slave was the property of one Crocket, by whom he had just reason to fear he should be disquieted.

Crocket intervened in the suit and took out a commission to prove title to the slave, which was not returned. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Lockett*, for appellant.

1. The marshal has no authority to sell *real property*, under the laws creating the City Court.—1, *Moreau's Dig.* p. 347.—The judges of the City Court are only invested with the same powers that justices of the peace had, and they possessed no authority to seize or sell real property.— *C. P. art.* 1144, 1146, 1147. The act creating the court gives the judges power to determine *all suits except of a real nature.*

2. The marshal gave no notice of the seizure as required by law, nor was the sale advertised by being posted up at the church and court-house door.—*C. P. art.* 654, 668.—8 *Martin, N. S. p.* 246.

3. The defendant had just reasons that he would be sued and disquieted in his possession from the intervention of

*Eastern District.*
*April* 1831.

DAUNOIS
*vs.*
LEEDS.

Crocket, and had a right to refuse the price.—*C. C. art.* 2535, 2595.

4. The law expressly allows purchasers to retain the price in cases similar to the present.—*C. P. art.* 710.

*Roselius*, contra :

1. The City Court has authority to issue process to seize and sell immoveable property, to testify its judgments; but whether it has or not, the defendant cannot keep the slave and the price at the same time.

*Porter, J.*, delivered the opinion of the court.

The defendant who purchased a slave at a public sale, made by the plaintiff, marshal of the City Court, refused to pay the price, or redeliver the property to the petitioner.

He is now sued for the price of the adjudication, with interest and costs; or to restore the slave and pay hire for him. His answer sets up various irregularities in the proceedings by which, as he contends, the sale was null and void.

If owing to irregularities in the proceedings, a public sale be illegal, the purchaser must return the property, for he cannot hold it under a sale which is null and void. If, on the contrary, the sale be perfect he must pay the price and cannot keep both the property and the price he was to pay for it.

If this defence be sustained by the facts, the defendant must return the slave, for he cannot hold him under a sale which was void. If, on the contrary, the facts do not sustain it, then he must pay the price, for he cannot keep the property and the money he was to pay for it. So that which ever way the case is considered, judgment must be for the plaintiff.

The decree of the court of the first instance, which condemns the defendant to the debt and costs, we think meets the justice of the case, and it is, therefore, ordered, adjudged and decreed, that it be affirmed with costs.