8L 125
46 1429
8L 125
50 322

## GOODALE *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the meeting of creditors for the appointment of syndics closed on the 9th of July, and an opposition was filed by a creditor, on the 22d of the same month, to the appointment of one of the syndics, and alleging various grounds of error in the proceedings : *Held*, that as *ten entire days had expired in the interim*, after deducting Sundays, the opposition came too late.

It is required of creditors who oppose the appointment of syndics, on the ground of illegality in the proceedings, to file their opposition within ten days next following the appointment, counting from the day the proceedings closed before the notary.

The deliberations of creditors in the appointment of syndics, become absolute, without being homologated, after the lapse of ten days from that on which the deliberations closed before the notary, unless set aside by a timely opposition.

If the proceedings of creditors, in the appointment of syndics, are void upon their face, they can have no effect, and no formal opposition is necessary.

The law does not require that the *ten days* within which an opposition to the appointment of syndics must be filed, should be *judicial days*.

This case commenced with the opposition of A. Hodge, jr., a mortgage creditor of the insolvent debtor, made to the proceedings had before the notary, in the appointment of syndics.

The surrender of the insolvent's property was accepted by the judge, on the 31st May, 1834, and a meeting of the creditors ordered to be held on the 9th of July following, before a notary public, to deliberate on the affairs of the debtor. The proceedings of the creditors, in presenting their claims and voting for syndics, commenced the 3d of July, *closed the 9th,* and were returned into the clerk's office of the Parish Court, on the 15th of the same month. On the 19th of July, A. Fisk, Watt & Co., filed their opposition to the proceedings, before the notary; and on the 22d, Andrew Hodge, jr. filed his opposition and claimed to be syndic jointly, with J. E. Whitall, who had been appointed by the meeting. He alleged various defects and objections to the proceedings of the creditors, and that he had a majority over G. Burke, for syndic, and should be recognised in his stead.

On the 23d of July, 1831, J. E. Whitall and G. Burke presented their petition to the parish judge, alleging they were appointed syndics by a majority of the creditors of N. Goodale, in number and amount, and prayed to be authorised to take possession and sell the ceded property on the terms voted by the creditors, which, on the 23d August following, was ordered accordingly.

On the 26th of August, the counsel of A. Hodge, jr. filed grounds, and took a rule on the syndics, to show cause why the order made on the 23d, should not be set aside, on the following grounds:

1. Because no legal notice was given.

2. The opposition was not set for trial.

3. The court was not in session, and no trial could be had but by consent.

4. The proceedings of the creditors are illegal and void upon their face.

The parish judge, after hearing the arguments of counsel, discharged the rule, and the opposition was dismissed, as not having been filed in time. From this judgment the opponent appealed.

*Strawbridge & Slidell*, for the syndics.

*Peirce*, for the appellant, contended that the court was required to pronounce a judgment on motions to homologate the nomination of syndics. *Code of Practice, article* 755.

2. All judgments must be entered on the minutes of the court. In this case there is no judgment homologating the appointment of syndics. *Code of Practice,* 543, 544.

3. The party has a right to make his opposition, although the legal delay has expired, and until homologation is pronounced. *Curia Philippica, p.* 150.

4. The opposition in this case was, therefore, filed in time, even if ten days had elapsed since the close of the proceedings before the notary.

5. The homologation of the proceedings did not take effect by the mere lapse of time, but only from judgment pronounced, as the action and consideration of the court thereon was required.

6. The days on which courts are not to be held, cannot be counted as judicial days. *Code of Practice,* 318.

*Martin, J.,* delivered the opinion of the court.

This case comes before us on the appeal of Andrew Hodge, jr., an opposing creditor, from the order of the parish judge, homologating the proceedings of the creditors of the insolvent, before the notary, in the appointment of syndics. He opposed the proceedings and the appointment of syndics on various grounds, and urges in this court that the homologation was untimely, and therefore illegal, and should be set aside.

Where the meeting of creditors for the appointment of syndics closed on the 9th of July, and an opposition was filed by a creditor on the 22d of the same month, to the appointment of one of the syndics, and alleging various grounds of error in the proceedings : *Held,* that *as ten entire days had expired in the interim,* after deducting Sundays, the opposition came too late.

It is required of creditors who oppose the appointment of syndics, on the ground of illegality in the proceedings, to file their opposition within ten days next following the appointment, counting from the day the proceedings closed before the notary.

The deliberations of creditors in the appointment of syndics become absolute, without being homologated, after the lapse of ten days from that on which the deliberations closed before the notary, unless set aside by a timely opposition.

1. The counsel for the appellant contended that the opposition was filed in due time, and should have been received.

2. That the proceedings appointing syndics must be homologated in open court, and does not become definitive and complete by the mere lapse of time.

3. That the proceedings before the notary are void on the face of them.

4. That all judgments must be entered on the minutes of the court.

5. That the days on which there is no court, are not to be reckoned as part of the time within which the opposition of a creditor is to be filed.

6. That the opposition was in time, as no judgment of homologation had been pronounced, and an opposition had been made within the ten days, and had not yet been acted on.

The meeting of the creditors for the appointment of syndics was closed the 9th of July, and the opposition was filed on the 22d of the same month : between these two periods, twelve days intervened : deducting two days for Sundays (more could not have elapsed) and ten entire days expired in the interim. The opposition was, therefore, filed after the expiration of ten days allowed by law.

I. The 18th section of the insolvent law of 1817, 2 *Moreau's Digest,* 429, requires creditors who deem it necessary to oppose the appointment of syndics on the ground of illegality in the proceedings, to file their opposition *within* *ten days* next following the appointment. It is, therefore, clear, that the opposition filed in this case, came too late.

II. The 17th section of the above act provides that it shall no longer be necessary to have the deliberations of the creditors in the appointment of syndics homologated. From this provision it clearly results that the appointment of syndics by the creditors becomes absolute, after the lapse of ten days from the day on which their deliberations are closed, unless it is set aside by the timely opposition of a creditor, which

must be filed *within* the ten days allowed after the meeting of the creditors is closed.

III. If the proceedings of the creditors be void on the face of them they cannot have any effect, and the rejection of the opposition of the appellant will not render them legal and binding.

IV. As regards the entry of judgment, it follows from what has been already said, that if no judgement of homologation is required since the promulgation of the Code of Practice, consequently in the present case none was rendered or required to be rendered. Hence no judgment of homologation could be entered on the minutes of the court. .

V. The insolvent act of 1817, already referred to, does not require that the ten days, within which the opposition should be filed, must be *judicial days*. But in this case it is not alleged, nor is it shown that the opposing creditor had *not* ten judicial days within which to make his opposition. The record shows that the court was sitting, after the proceedings before the notary were closed, and before and after the day on which the opposition was filed. The presumption, therefore, is strong that the July term of the court did not close until after the opposition was filed.

VI. The fact that the timely opposition had been made by another creditor, did not authorise the filing of the opposition of the appellant after the expiration of the legal delay. Neither of the applications could have been followed by a judgment of homologation, because none was necessary. If an opposition made in due time appears groundless, the judgment is, that it be rejected, not that the appointment of the syndics be homologated. If it is shown that the opposition is well founded, judgment must be rendered setting the appointment aside. Both these judgments must be pronounced on timely oppositions. It is true that when the neglect or omission to make an opposition or an application, brings with it as a consequence, some act of the court, or the party; as a judgment by default, or the like; the party may avert this consequence before the act be done. But in this case the law required the application to be made within

17

Eastern Dist. *March*, 1835.

GOODALE
*vs.*
HIS CREDITORS.

If the proceedings of creditors in the appointment of syndics are void upon their face, they can have no effect; and no formal opposition is necessary.

The law does not require that the *ten days*, within which an opposition to the appointment of syndics must be filed, should be *judicial days*.

EASTERN DIST.
*March*, 1835.
───────────
PRITCHARD·
ET UX.
*vs.*
CITIZENS' BANK.
a given delay, and the consequence of neglect is the rejection of the application; the delay is fatal.

. It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish. Court be affirmed, with costs.