## No. 9530.

|  | 38 | 15 |
|  | 46 | 369 |

### J. O. TERRY & SONS VS. THEIR CREDITORS.

In insolvent proceedings, where no objection is made to the votes of creditors before the· notary holding the meeting or within ten days after the filing of the procès verbal, objections based on the informality or insufficiency of the affidavits to the debts made before the notary cannot, thereafter, be urged.

A surety or accommodation maker or endorser of a note, only becomes a creditor of his· principal when he has paid the debt and, until such payment, he is not entitled to vote as a creditor in the insolvent proceedings of his principal.

APPEAL from the Civil District Court for the Parish of Orleans.. *Houston*, J.

*W. S. Benedict* and *H. C. Cage* for Plaintiff and Appellant.

*E. E. Moise* and *J. Timony* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The commercial firm of J. O. Terry & Sons and the individual members thereof, J. O., O. F. and W. S. Terry made a cession of property to their creditors, and filed schedules of their firm and individual assets and liabilities respectively.

A meeting of their creditors was held, at which there were two candidates for syndic, and it appears from the notary's *procès verbal* that. of the entire number of creditors voting, including firm and individual creditors, forty-six creditors representing $11,000 voted for J. W. Stockton, and thirty-three creditors representing $14,500 voted for J. S. Hodgins. The *procès verbal* thus showed on its face that no one had received the majority in number and amount requisite to the election of a syndic.

No objection was made at the meeting to the reception of any of the· votes cast except to that of A. Bradley, an individual creditor of O. F.. Terry for $9000, against the admission of which a protest was made·

before the notary on grounds fully stated therein and hereafter to be considered. If this vote were rejected, Stockton received a clear majority in number and amount of the votes and was duly elected.

The *procès verbal* was filed in court on April 17, 1885.

On the same day Stockton took a rule on Hodgins, Bradley and the insolvents to show cause why the vote of Bradley should not be stricken from the *procès verbal* and why he, the mover, should not be decreed to be the duly elected syndic.

On April 21, Stockton filed a regular opposition to the homologation of the *procès verbal* on the same ground, and praying that it be amended by striking out Bradley's vote and thereupon decreeing his own election as syndic.

No other opposition was ever filed to the *procès verbal*, and the jurisprudence is well settled that, except so far as opposed, the *procès verbal* became absolute, without any formal homologation. (Goodale vs. Creditors, 8 La. 125; Gouy vs. Creditors, 2 La. 358; Pandelly vs. Creditors, 9 La. 387; Gwartney vs. Creditors, 13 Ann. 188.

The rule taken by Stockton went regularly to trial. No written answer thereto was filed. It is admitted that no question was raised or submitted in the lower court except the validity of Bradley's vote. The court, holding the vote to have been properly received and counted, rejected Stockton's demand, discharged the rule and appointed the civil sheriff of the parish as syndic; from which judgment Stockton prosecutes the present appeal.

The only appellees appearing by counsel in this Court are the insolvents.

They almost abandon the question raised in the lower court as to the validity of Bradley's vote, and claim the affirmance of the judgment on entirely different grounds.

Thus they say that the *procès verbal* shows that a large number of the votes were cast by proxies whose affidavits as to the debts were not made of their own knowledge.

We fully adhere to the doctrine heretofore affirmed that the law requires proxies, in making the required oath to the debt, to swear of their own knowledge and not merely of their belief or from merely derivative knowledge. Phillips vs. Creditor, 36 Ann. 904; Pandely vs. Creditors, 9 La. 393.

Had the votes been opposed on this ground, either before the notary or by opposition to the *procès verbal* within ten days, the opposition would have been successful. But it is unquestionably too late to raise such objections after the lapse of ten days from the filing of the *procès*

*verbal.* The *dictum* in Pandely vs. Creditors that such illegal votes must be struck out has no application, because in that case the issue was distinctly raised by timely opposition.

Nor is the defect of a character such as to render the proceedings void on their face, and therefore null without opposition, under the *dictum* in Goodale vs. Creditors.

The nullified homologation resulting from the lapse of the ten days is as much *res judicata* as if this defect had been urged in an opposition and overruled.

We conclude, therefore, that even had this point been raised before the lower judge, he would have rightly disregarded it.

It only remains to consider whether the objections to the reception and counting of Bradley's vote were well founded. We think they were. On his own showing he was not a creditor of O. F. Terry. He had signed notes for the accommodation of Terry, which had been passed to D. C. McCan & Son, who now hold them. Terry was and is bound to hold him harmless against any liability on said notes, and should he pay them, he would undoubtedly be a creditor of Terry; but, until he pays them, he is not a creditor. 2d Daniel's Neg. Instr. §§ 1339 *et seq.*

He has not paid them; and although McCan & Son have obtained judgment against him on one of the notes, they have been unable to find any property on which execution could be levied or any means of enforcing payment, and the evidence exhibits no probability of their ever being able to do so.

The vote of Bradley should be expunged.

This leaves Stockton with a clear majority, number and amount of firm and individual creditors, and gives him a clear right to the appointment as syndic.

This relieves us from the consideration of questions raised as to the relation of partnership and individual creditors. The firm creditors are unquestionably creditors of the individuals, and so counted, Stockton has a majority in number and amount of the creditors of the firm and of each individual member.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and decreed that the rule herein taken be made absolute; that G. W. Stockton be declared the duly elected syndic of the creditors of the insolvent, and entitled to be appointed and confirmed as such in conformity to law, and that this case be remanded to the lower court with instructions to make the orders and take the other steps requisite for the execution of this decree, appellees to pay costs of rule and of this appeal.