The opinion of the court was delivered by
MoEnery, J.
John Henry made a cession of his property on December 27, 1893. The meeting of creditors convened on the 17th January, and closed on the 29th of the same month. A syndic was elected at this meeting of the creditors.
The notary failed to file the proces verbal of the creditors’ meeting as required by law. He was forced to do so by the syndic.
It was filed on February 7th, and on the 10th February, Bernhard *1429 Meyer, elaimingto have been elected syndic, and John Henry the insolvent, claiming to have been discharged, filed opposition — the former, in so far as they appear to elect said Willard Boberts as syndic, to annul the order granted to Boberts, and to appoint him, said Meyer, without bond, as mentioned in the prooes verbal; the latter, the insolvent, that certain votes be annulled and stricken from the record.
There is nothing on the face of the record that suggests the absolute nullity of the proceedings before the notary, which would authorize an attack upon it at any time.
The ten days allowed by law for filing oppositions to the appointment of a syndic commence to run from the closing of the meeting of creditors. Dreaux vs. Creditors, 2 N. S. 57; Goodale vs. Creditors, 8 La. 128; Guerin vs. Creditors, 2 La. 358; Spears vs. Creditors, 40 An. 652; Harrison & Bro. vs. Creditors, 42 An. 1055; Bonner vs. Beard, 43 An. 1139; Revised Statutes, Sec. 1802.
The fact that the notary failed to file t the prooes verbal in court does not dispense with the filing of the opposition within the time prescribed by law. The insolvent proceedings are before the court, and there is no reason why the opposition can nob be presented before the prooes verbal is filed. Sec. 1802, Bevised Statutes. Besides it was within the power of the opponent to have compelled the notary to have filed the proees verbal immediately after the closing of the meeting of creditors.
It is contended that the insolvent can file an opposition showing votes illegally cast to his injury. There is no reason why he should ■not be required to file his opposition within the prescribed time. If the votes cast against him are illegal, their illegality must be shown prior to the judgment of homologation. This judgment closes all Objections to the meeting of creditors, and it is evident therefore that he must, like other creditors, file his objections within the prescribed ten days from the final closing of the meeting of creditors.
Judgment affirmed.